**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE ALBERTO CUBIAS-GOMEZ, AKA Jorge Alberto-Gomez Cubias, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-71949 <br><br> Agency No. A044-806-888 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 8, 2011
Pasadena, California

Before: REINHARDT, RAWLINSON, and N.R. SMITH, Circuit Judges.

Jorge Cubias-Gomez petitions for review of a Board of Immigration Appeals

order finding him removable as an aggravated felon and thus ineligible for asylum,

and also denying his application for withholding of removal. We review the

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

aggravated felony determination de novo and the denial of withholding of removal for substantial evidence, and we deny the petition.

**1.** We agree with the BIA that the record of conviction establishes that Cubias's conviction under Cal. Vehicle Code § 10851(a) was a generic theft offense within the meaning of the Immigration and Nationality Act. Section 10851(a) encompasses liability for both principals and accessories after the fact to auto theft, and is therefore a divisible statute. *United States v. Vidal*, 504 F.3d 1072, 1086 (9th Cir. 2007) (en banc). Cubias was charged as a principal, however, and Cubias signed a statement on his written plea form that read, "I agree that I did the things that are stated in the charges that I am admitting." The plea form indicated that those "charges" included the specific count alleging a violation of section 10851(a), and nothing in the record suggests the allegations in that count were ever changed after the Complaint was filed. We therefore conclude that, under the modified categorical approach, the record of conviction "confirms that the plea 'necessarily rested on the fact identifying the [offense] as generic.'" *Vidal*, 504 F.3d at 1086 (quoting *Shepard v. United States*, 544 U.S. 13, 21 (2005)).

**2.** Substantial evidence supports the BIA's determination that Cubias is not entitled to withholding because he provided insufficient evidence to establish that it is more likely than not that he would be persecuted on account of his political

2

opinion concerning gangs. *Wakkary v. Holder*, 558 F.3d 1049, 1065 (9th Cir. 2009). Cubias's testimony did not establish that *he* would be targeted for persecution, and he presented no other evidence that he would face a high risk of persecution. The record does not compel us to conclude that the requisite fear or likelihood of persecution exists. *Id.* at 1060. We therefore affirm the BIA's determination as to this issue as well.

**3.** Cubias does not challenge the BIA's denial of relief under the Convention Against Torture and of his due process claims, and therefore waives these claims. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

**PETITION DENIED.**